HARDY, Judge.
This action seeks judgment in favor of plaintiff on a promissory note in the principal sum of $6,500.00, dated January 23, 1963, and a dishonored check in the amount of $1,500.00 dated March 12, 1963. In answer defendant denied liability on the described instruments and asserted a re-conventional demand in the amount of $500.00 representing payment of a check allegedly procured by coercion, fraud, duress and misrepresentation on the part of plaintiff. After trial there was judgment in favor of plaintiff in the principal sum of $1,500.00, representing the amount of the check sued on, and further judgment rejecting defendant’s reconventional demand. From this judgment defendant has appealed, and plaintiff has answered the appeal, praying the amendment of the judgment to the extent of allowing his claim of $6,500.00 on the note.
This action appears to be the result of a number of agreements and disagreements which were confusing to the parties involved and which the record, as made up, has not completely defined and explained.
The facts, which have been somewhat laboriously extracted from the existing welter of confusion, indicate that plaintiff, as the owner of a tract of land located on Lake O’ the Pines in Marion County, Texas, entered into an agreement of sale on or about January 16, 1963, with one Pickens W. Morris as purchaser thereof. This agreement involved a total consideration of $75,000.00, of which $8,000.00 was to be paid in cash and $67,000.00 on terms of credit. Morris’ draft for the amount of the cash payment was dishonored. A second agreement was executed between the parties on January 18, 1963, providing for the execution of releases for lots to be sold in a subdivided portion of that tract and further providing for the consummation of the sale on or before January 22, 1963, under penalty of forfeiture of the $8,000.00 down payment, which, as a matter of fact, had not been made. A subsequent agreement was executed -on January 24, 1963, under the terms of which plaintiff executed a warranty deed to the property in favor of Pickens W. Morris in consideration of the latter’s promissory note in favor of plaintiff in the principal sum of $67,-000.00, payable in one hundred monthly installments, the first seven of said install *616 ments in the principal amount of $1,539.31 each and all subsequent installments in the amount of $539.31 each. The first installment was to become due in February, 1963. The vendee, Pickens W. Morris, executed a deed of trust as security. The down payment of $8,000.00 was represented by a note in the sum of $6,500.00 and a check in the amount of $1,500.00. The agreement contained a stipulation that if the $6,500.00 note was not paid when due, all instruments and papers in connection with the agreement should be returned to the plaintiff, who would retain the $1,500.00 and any sums paid on the note as liquidated damages and the contract would be terminated.
Pickens W. Morris consistently defaulted in his obligations under the several agreements with plaintiff, and his brother, Neill Morris, defendant in this suit, came to his financial aid. Plaintiff accepted the promissory note of Neill Morris dated January 23, 1963, in the amount of $6,500.00 and a check of Neill Morris in the sum of •$1,500.00, dated March 12, 1963, in lieu of the $8,000.00 cash payment which was the ■original obligation of Pickens W. Morris. These are the instruments upon which recovery is sought in this suit.
As an added complication, in the course of these negotiations plaintiff sold a lot located in the subdivision to L. W. Morris, brother of Pickens W. and Neill Morris. The sum of $425.00 represented the unpaid balance of the consideration of this sale. Pickens W. Morris purchased the lot from •L. W. Morris, agreed to pay the balance due and gave plaintiff a check therefor, which check was dishonored.
Pickens W. Morris gave a check in favor of plaintiff in the sum of $1,964.31, representing the installment payment on the $67,000.00 note due February 15th and the unpaid balance of $425.00 on the lot originally purhased by L. W. Morris, which instrument was dishonored.
On March 12, 1963, at a meeting between plaintiff, defendant and Pickens W. Morris, the defendant, Neill Morris, gave plaintiff two checks in the amount of $500.00 and $1,500.00, respectively. The check for $500.00 was deposited to the credit of plaintiff and duly paid, but the check for $1,500.00 was dishonored.
As best we can understand the position of the parties, plaintiff contends that the checks dated March 12, 1963, in the amounts of $500.00 and $1,500.00 represented payments by Neill Morris covering the unpaid balance of $425.00 on the lot originally purchased by L. W. Morris, and the February 15th installment of $1,539.31 on the $67,-000.00 note of Neill Morris. The excess of $35.69 represented the accrued interest on the installment on the mortgage note. On the other hand, defendant urges that the $1,500.00 check should have been imputed to a payment on the $6,500.00 note. The district judge concluded (1) that the $500.00 check of this defendant which was paid represented the balance due on the purchase transaction of the lot, entirely separate and distinct from all other obligations of the various parties involved; and (2) that the $1,500.00 check was given as payment on the past due installment on the $67,000.00 note and not as a payment on the $6,500.00 note.
The trial court further concluded that the liquidated damages provision of the contract of January 24, 1963, was effective; had not been waived by the conduct of the parties, as contended by plaintiff, but that such contractual provision did not control nor affect the amount of $1,-500.00 represented by the check for which recovery is claimed in this suit, which was a payment on the installment note.
We find no error in the above factual conclusions.
Inasmuch as the release clause of the contract of January 24, 1963, remained effective, the failure to pay the $6,500.00 note terminated the agreement. The record does not sustain plaintiff’s contention that the release provisions were waived by the *617 actions of the parties, nor defendant’s claim of an intention to impute payments to another obligation.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.